IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R.H.,                                    :
                 Petitioner              :
                                         :    No. 699 M.D. 2018
            v.                           :
                                         :    Submitted: August 7, 2020
Pennsylvania State Police, et al.,       :
                 Respondents             :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED: January 12, 2021


            Before the Court in our original jurisdiction are the preliminary
objections filed by the Pennsylvania State Police (PSP) to the petition for review in
the nature of a complaint (Petition) seeking declaratory and injunctive relief filed by
R.H.[2,3]  We sustain the preliminary objections and dismiss the Petition for failing to
state a claim upon which relief can be granted.

_____

[1] The decision in this case was reached before January 4, 2021, when Judge Leavitt served
as President Judge.

[2] Although the PSP asserts that the Petition is an action in mandamus, the Petition itself
states that R.H. filed "this action" to "request [] declaratory and injunctive relief to redress the
violation of [constitutional] rights." (Petition, ¶2.)

[3] While the caption in the case lists the PSP as a respondent and contains an "et al."
designation, the PFR does not name anyone else as a respondent.

On October 31, 2018, R.H. filed the Petition against the PSP, averring as follows. In 2012, the prosecuting authorities charged R.H. with sex-related offenses in four separate cases for conduct that he committed with respect to his four minor nieces. On November 7, 2012, R.H. entered into an "open" plea agreement[4] in all four cases and pled guilty to several counts of aggravated indecent assault of a child, corruption of minors, and indecent assault of a person less than 13 years of age. Prior to sentencing, Petitioner underwent an evaluation by the Sexual Offenders Assessment Board, which determined that he was a Sexually Violent Predator (SVP). Thereafter, a court of common pleas sentenced R.H. After R.H. completed his term of incarceration, he was placed under the supervision of the Sexual Offenders Unit of Adult Probation and Parole to complete a five-year term of probation. At this point, R.H. will be obligated under the Sexual Offender Registration and Notification Act (SORNA I), *former* 42 Pa.C.S. §§9799.10-9799.41, to register as a sex offender for life with the PSP. While on probation, R.H. violated the terms and conditions that were imposed upon him in connection with his probation, and a court of common pleas sentenced R.H. to one to three years' imprisonment. (Petition, ¶¶6-13.)

In the Petition, R.H. alleges that in 2017, the lifetime sexual offender registration requirements of SORNA I were declared unconstitutional by our Supreme Court in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017),[5] as contravening the *ex post facto* clause of the Pennsylvania Constitution. R.H. traces

---

[4] An "open" plea agreement is one in which there is no negotiated sentence. *See Commonwealth v. Vega*, 850 A.2d 1277, 1280 (Pa. Super. 2004).

[5] In *Muniz*, our Supreme Court held that the registration provisions of SORNA I were punitive, such that application of those provisions to offenders who committed their crimes prior to SORNA I's effective date violated *ex post facto* principles.

the history of Pennsylvania's "Megan's Laws"[6] and notes that the General Assembly had replaced SORNA I with the Act of February 21, 2018, P.L. 27 (Act 10), 42 Pa.C.S. §§9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140 (Act 29) (collectively, SORNA II). (Petition, ¶¶17, 24-34.) R.H. avers that SORNA II "is, in [and] of itself, unconstitutional for the same reasons the *Muniz* Court found the old SORNA unconstitutional." (Petition, ¶29.) For relief, R.H. requests a declaration confirming that SORNA II is unconstitutional and stating that he does not have to register as a sex offender upon his release. In addition, he seeks an affirmative injunction compelling the PSP to remove his name from the registration database. (Petition, ¶¶34-35.)

---

[6] As this Court has explained:

> By way of brief statutory background, beginning in 1995, Pennsylvania's General Assembly has enacted a series of statutes and amendments requiring sex offenders living within the Commonwealth to register for varying periods of time with the [PSP] based on their convictions for certain sexual offenses. The General Assembly enacted the first of these statutes, commonly known as Megan's Law I, *former* 42 Pa.C.S. §§9791-9799.6, in 1995, followed five years later, in 2000, by what is commonly known as Megan's Law II, *former* 42 Pa.C.S. §§9791-9799.7. In 2004, the General Assembly enacted what is commonly known as Megan's Law III, *former* 42 Pa.C.S. §§9791-9799.9, which remained in effect until the enactment of [SORNA I] in 2012. On July 19, 2017, the Pennsylvania Supreme Court handed down the decision in [*Muniz*], which held that SORNA I violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions by increasing registration obligations on certain sex offender registrants. Thereafter, in 2018, to clarify that sex offender registration provisions were not *ex post facto* punishment, the General Assembly enacted SORNA II.

*Rosenberger v. Wolf* (Pa. Cmwlth., No. 283 M.D. 2018, filed November 7, 2019) (unreported), slip op. at 2-3. *See* section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

On April 8, 2019, the PSP filed preliminary objections, asserting that R.H. failed to state a claim cognizable at law, also known as a demurrer. The PSP notes that the General Assembly had replaced SORNA I with SORNA II. The PSP avers that SORNA II does not violate the *ex post facto* clause because it cured the deficiencies that the Supreme Court outlined in *Muniz* when striking down SORNA I. Alternatively, the PSP argued that SORNA II did not increase R.H.'s registration requirements and is not punitive in nature; therefore, the *Muniz* rationale does not apply to the registration requirements in Chapter I of SORNA II.

On July 8, 2019, the PSP filed a brief in support of its preliminary objections. In turn, R.H. attempted to file a letter brief. However, by *per curiam* order dated August 1, 2019, this Court declined to accept R.H.'s brief because it failed to comply with numerous requirements of the Pennsylvania Rules of Appellate Procedure. In this order, the Court directed R.H. to file an amended brief on or before September 3, 2019. However, R.H. did not file an amended brief, and in a *per curiam* order dated November 19, 2019, this Court informed the parties that it will address the PSP's preliminary objections without a brief filed by R.H.

In ruling on preliminary objections in the nature of a demurrer, the Court must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom. *Barndt v. Pennsylvania Department of Corrections*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). However, the Court is not required to accept as true legal conclusions, unwarranted factual inferences, argumentative allegations, or expressions of opinion. *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013) (*en banc*). A demurrer will not be sustained unless the face of the pleadings shows that the law will not permit recovery. *Barndt*, 902 A.2d at 592.

Generally, the *ex post facto* clause proscribes, among other laws, "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Muniz*, 164 A.3d at 1196 (internal citation omitted). Moreover, for a criminal or penal law to be deemed *ex post facto* it must be retrospective, that is, it must apply to events occurring before its enactment, and it must also disadvantage the offender affected by it, or, in other words, be punitive in nature. *See id.* at 1196-97.

Here, R.H. committed his crimes prior to December 20, 2012, was designated as an SVP, and was required to register for life under SORNA I. Under Subchapter I of SORNA II, which would apply to R.H. if he were released from incarceration today, R.H. would be subject to the statute's lifetime registration requirements. *See Commonwealth v. Lacombe*, 234 A.3d 602, 615-16 (Pa. 2020).[7] In a recent decision that was rendered after this matter was submitted for disposition, the Supreme Court in *Lacombe* noted that

> [i]n response to *Muniz* . . . the General Assembly enacted Subchapter I, the retroactive application of which became the operative version of SORNA for those sexual offenders whose crimes occurred between April 22, 1996[,] and December 20, 2012. In this new statutory scheme, the General Assembly, *inter alia*, eliminated a number of crimes that previously triggered application of SORNA and reduced the frequency with which an offender must report in person to the [PSP]. With regard to Subchapter I, the General Assembly declared its intent that the statute "shall not be considered as punitive." 42 Pa.C.S. §9799.51(b)(2).

*Lacombe*, 234 A.3d at 615.

---

[7] The pertinent section of SORNA II states that Subchapter I "shall apply to individuals who were . . . required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, [and] whose period of registration has not expired." 42 Pa.C.S. §9799.52(2).

The Supreme Court then explained that, in crafting the provisions of Subchapter I of SORNA II, "the General Assembly made a number of material changes to the operation of SORNA" in order "[t]o achieve its dual goals of ensuring public safety without creating another unconstitutionally punitive scheme." *Id.* at 616. Among other things, pursuant to Subchapter I of SORNA II, and unlike SORNA I, "an SVP or lifetime reporter can [now] petition a court to be removed from the statewide registry" by demonstrating with "clear and convincing evidence that he or she no longer poses a risk, or a threat of risk, to the public or any individual person." *Id.* at 616-17.[8]

---

[8] In this regard, the relevant parts of Subchapter I of SORNA II provide as follows:

(a) General rule.**--** An individual required to register under section 9799.55(a.1) and (b) (relating to registration) may be exempt from the requirement to register, the requirement to verify residence, employment and enrollment in an educational institution, the requirement to appear on the publicly accessible Internet website maintained by the Pennsylvania State Police and all other requirements of this subchapter if:

(1) At least 25 years have elapsed prior to filing a petition with the sentencing court to be exempt from the requirements of this subchapter, during which time the petitioner has not been convicted in this Commonwealth or any other jurisdiction or foreign country of an offense punishable by imprisonment of more than one year, or the petitioner's release from custody following the petitioner's most recent conviction for an offense, whichever is later.

(2) Upon receipt of a petition filed under paragraph (1), the sentencing court shall enter an order directing that the petitioner be assessed by the board. Upon receipt from the court of an order for an assessment under this section, a member of the board designated by the administrative officer of the board shall conduct an assessment of the petitioner to determine if the relief sought, if granted, is likely to pose a threat to the

**(Footnote continued on next page…)**

The High Court then proceeded to thoroughly discuss each of the factors enumerated in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963),[9] to determine

---

**(continued…)**

safety of any other persons. The board shall establish standards for evaluations and for evaluators conducting assessments.

(3) The order for an assessment under this section shall be sent to the administrative officer of the board within 10 days of the entry. No later than 90 days following receipt of the order, the board shall submit a written report containing the board's assessment to the sentencing court, the district attorney and the attorney for the sexual offender.

(4) Within 120 days of filing the petition under paragraph (1), the sentencing court shall hold a hearing to determine whether to exempt the petitioner from the application of any or all of the requirements of this subchapter. The petitioner and the district attorney shall be given notice of the hearing and an opportunity to be heard, the right to call witnesses and the right to cross-examine witnesses. The petitioner shall have the right to counsel and to have a lawyer appointed to represent the petitioner if the petitioner cannot afford one.

(5) The sentencing court shall exempt the petitioner from application of any or all of the requirements of this subchapter, at the discretion of the court, only upon a finding of clear and convincing evidence that exempting the petitioner from a particular requirement or all of the requirements of this subchapter is not likely to pose a threat to the safety of any other person.

42 Pa.C.S. §9799.59(a)(1)-(5).

[9] The *Mendoza-Martinez* factors are as follows:

(1) whether the sanction involves an affirmative disability or restraint;
(2) whether it has historically been regarded as a punishment; (3)

**(Footnote continued on next page…)**

7

whether Subchapter I of SORNA II was punitive in effect. *See Lacombe*, 234 A.3d at 620-25. In balancing these factors, our Supreme Court reasoned:

> As the above *Mendoza-Martinez* analysis clearly reflects, Subchapter I effected significant changes from the original version of SORNA, retroactive application of which we found unconstitutional in *Muniz*. To summarize, we find three of the five factors weigh in favor of finding Subchapter I nonpunitive. Additionally, we give little weight to the fact Subchapter I promotes the traditional aims of punishment and give significant weight to the fact Subchapter I is narrowly tailored to its nonpunitive purpose of protecting the public. As we have not found the requisite "clearest proof" Subchapter I is punitive, we may not override legislative intent and transform what has been denominated a civil remedy into a criminal penalty[.]

*Lacombe*, 234 A.3d at 626 (internal citations and quotation marks omitted).

Therefore, Supreme Court distinguished *Muniz* and its constitutional assessment of SORNA I and held that "Subchapter I is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws." *Id.* at 626-27. *See also id.* at 605 ("Subchapter I does not constitute criminal punishment, and the *ex post facto* claims forwarded by [Lacombe] necessarily fail."); *Commonwealth v. Butler*, 226 A.3d 972, 993 (Pa. 2020) (concluding that for purposes of a right to a jury trial and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the lifetime registration,

---

**(continued…)**

> whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment, that is, retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned.

372 U.S. at 146.

notification, and counseling requirements applicable to an SVP under SORNA II "do not constitute criminal punishment").

Given the recent decision by our Supreme Court in *Lacombe*, we conclude that R.H. has failed to state a viable cause of action because that case has foreclosed his *ex post facto* claim to the registration requirements of Subchapter I of SORNA II. As a final housekeeping matter, we note that on August 20, 2019, R.H. filed a Motion for Release of Notes of Testimony and All Other Relevant Documents and, also, a Motion for Entry of Judgment on July 8, 2020. R.H.'s first motion requests this Court to "issue [a]n order to compel the Deputy Attorney General to release copies of any and all notes of testimony which constitutes the record of the criminal action." (Motion, 8/20/2019, at 1.) However, R.H.'s purported discovery request is procedurally improper because the Rules of Civil Procedure require R.H. to first serve the Deputy Attorney General with this discovery request and permit the Deputy Attorney General to serve a response, prior to seeking a court order compelling disclosure. *See* Pa.R.C.P. Nos. 4009.11, 4009.12, 40019(g)(1).[10] Moreover, R.H.'s second motion requests that judgment be entered in his favor even though he failed to file and perfect an acceptable amended brief in opposition to the preliminary objections. For the reasons discussed above, R.H.'s Petition has failed to state a viable *ex post facto* claim and, therefore, he is not entitled to a judgment in his favor. Therefore, we deny R.H.'s motions.

---

[10] Parenthetically, the Court is unable to decipher how the notes of testimony are relevant, or would aid or assist R.H. in the development of his claim, considering that he has averred all the facts necessary to resolve this dispute.

Accordingly, and for the reasons stated above, we sustain the preliminary objections of the PSP, dismiss R.H.'s Petition, and deny R.H.'s above-mentioned motions.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R.H.,                                            :
         Petitioner            :
                             :
                             :   No.  699 M.D. 2018
                             :
         v.                                   :
                             :
Pennsylvania State Police, et al.,               :
         Respondents            :

## ***ORDER***

AND NOW, this 12ᵗʰ day of January, 2021, the preliminary objections filed by the Pennsylvania State Police to the petition for review in the nature of a complaint (Petition) seeking declaratory and injunctive relief filed by R.H. are hereby SUSTAINED and the Petition is DISMISSED.  The two motions filed by R.H. during the pendency of this case, particularly the Motion for Release of Notes of Testimony and All Other Relevant Documents and the Motion for Entry of Judgment are hereby DENIED.

                                  _____
                                  PATRICIA A. McCULLOUGH, Judge